# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 22, 2020

Lyle W. Cayce
Clerk

No. 19-10897
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Roberto Elias Martinez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-66-5

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Roberto Elias Martinez pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute a controlled substance. For the first time on appeal, Martinez argues his plea was unknowing because the district court violated Federal Rule of Criminal Procedure 11 in advising him that the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-10897

maximum possible sentence for his offense was 10 years when it was in fact 20 years.

Plain error review applies. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To succeed on plain error review, Martinez must show a clear or obvious error that affects his substantial rights. *See United States v. Mares*, 402 F.3d 511, 520-21 (5th Cir. 2005). If he makes such a showing, this court may exercise its discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 520 (internal quotation marks and citation omitted). In determining whether an alleged Rule 11 violation affects a defendant's substantial rights, this court examines whether, in light of the entire record, there exists a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

Before accepting a guilty plea, Rule 11(b)(1)(H) requires the district court to inform the defendant of "any maximum possible penalty, including imprisonment." Although the district court made a clear and obvious error in advising Martinez of the incorrect maximum sentence, he has failed to show he would not have pleaded guilty but for the error. *See United States v. Alvarado-Casas*, 715 F.3d 945, 954 (5th Cir. 2013). The record establishes that Martinez was advised of the correct maximum sentence in the plea agreement and the PSR, he referred to the correct maximum sentence in a pro se letter to the district court before sentencing, he never asserted he believed the maximum sentence to be 10 years, and he never attempted to withdraw his guilty plea. In light of the entire record, there is no reasonable probability that Martinez would not have pleaded guilty if the district court had not erred by providing the incorrect maximum sentence at rearraignment. *See United States v. Crain*, 877 F.3d 637, 644-45. Accordingly, the district court's judgment is AFFIRMED.